UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JULIAN E. ROCHESTER,**

    **Plaintiff,**

v.                                   Case No. 2:09-cv-00015

**H. M. HERLONG,**
**U.S. GOVERNMENT,**
**R. S. CARR,**
**G. W. BUSH,**
**U.S. MARSHALS,**
**U.S. ATTORNEYS,**
**R. LLOYD,**
**R. GONZALES, et al.,**
**100 DEFENDANTS,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

By Standing Order, this action was referred to this Magistrate Judge for submission of proposed findings and recommendation for disposition. Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obligated to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke

v. Williams, 490 U.S. 319, 325 (1989).  This screening is done "as soon as practicable after docketing," which the court understands to mean that screening should occur prior to consideration of the Application to Proceed in forma pauperis.

This is the second action filed by Plaintiff, an inmate at Lieber Correctional Institution in Ridgeville, South Carolina.  The defendants are, for the most part, federal officers in the District of South Carolina.  It appears that in the District of South Carolina, Plaintiff has filed approximately 51 civil cases.  Plaintiff's complaint makes various statements about death threats, but otherwise the undersigned is unable to understand the document.  Of concern is the final sentence which states [*verbatim*]: "Pro Se never for court to order discovery turned over & serve defs against Jurisd. is Pro Se in this Court by who's been threaten & Fed. Judges M.B. Michael, R. B. King, Faber there & U.S. Gov. & Bush over all States involved in Conspiracy & crimes!"

The undersigned proposes that the presiding District Judge **FIND** that this court lacks personal jurisdiction over the parties, and that the complaint is frivolous and incomprehensible.

Based on these proposed findings, it is **RECOMMENDED** that this civil action be dismissed with prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber.  Pursuant to the provisions of Title 28,

United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (mailing and service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

 February 2, 2009                           *Mary E. Stanley*
    Date                                    Mary E. Stanley
                                                     United States Magistrate Judge